LAW LIBRARY

NO. 29644

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEAN R. KIKUMOTO
CLERK APPELLATE COURTS
STATE OF HAWAI'I

2010 AUG 30 AM 7:52

FILED

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALEXANDER DAMO, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 08-1-2280)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendant-Appellant Alexander Damo (Damo) appeals from the Judgment of Conviction and Sentence filed on January 15, 2009 in the Family Court of the First Circuit[1] (family court).  The family court found Damo guilty of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2008).

On appeal, Damo contends (1) the family court erred when it found that Minor was competent to testify at trial and (2) there was insufficient evidence to convict Damo of Harassment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Damo's points of error as follows:

(1)  The family court did not err when it found that Minor was competent to testify at trial under Hawaii Rules of Evidence (HRE) Rule 603.1.  Rule 603.1 disqualifies a witness from testifying if the witness is "incapable of expressing oneself so as to be understood, either directly or through interpretation by one who can understand the person" or "incapable of understanding the duty of a witness to tell the

---

[1]  The Honorable Gale L.F. Ching presided.

truth." "[T]he question of testimonial competency must be determined on a case by case [sic] basis." State v. Kelekolio, 74 Haw. 479, 528, 849 P.2d 58, 80 (1993).

During his competency hearing, Minor testified that he understood the truth and that he would testify truthfully. Minor responded to questions from the family court about three examples of the truth. Over the defense's objection, the family court found that Minor was competent to testify. Whether Minor hesitated in response to the family court's questions does not invalidate the court's determination that he was competent to testify under HRE 603.1.

(2) The family court did not err in convicting Damo of Harassment because there was substantial evidence adduced at trial to prove each element of HRS § 711-1106(1)(a), which provides:

> §711-1106 **Harassment.** (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
>
> (a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

At trial, the vice-principal (Vice-Principal) of Minor's school testified that on November 24, 2008, Minor's teacher sent Minor to the office because Minor "had a noticeable bruise on his forehead." Vice-Principal described the bruise as the size of a golf ball and a little darker than Minor's skin, with some redness. Vice-Principal also testified that there were a couple of purple, black, and blue bruises extending down Minor's left shin.

A counselor from Minor's school also testified, corroborating Vice-Principal's testimony about the bruising on Minor's shin on November 24, 2008.

On direct, Minor testified he told Vice-Principal that his father had caused the bruises on his leg. Minor further

indicated that his dad had hit him at home and sometime after getting hit, Minor had visited the health room at school.

This evidence substantially supports Damo's conviction under HRS § 711-1106(1)(a). Damo's intent can be reasonably inferred from the circumstances. State v. Eastman, 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996) (holding that "proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient").

(3) There is no evidence Minor consented to the harassment that caused the heavy bruising he suffered. See HRS § 701-115(2) (1993) (providing that "[n]o defense may be considered by the trier of fact unless evidence of the specified fact or facts has been presented").

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on January 15, 2009 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, August 30, 2010.

On the briefs:

Craig W. Jerome,
Deputy Public Defender,
for Defendant-Appellant.

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3